**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  v.<br><br>MARIA CHACON,<br><br>              Defendant. | 1:01-CR-05251 OWW<br><br>**MEMORANDUM DECISION AND ORDER RE GOVERNMENT'S MOTION TO DISMISS PETITIONER'S 2255 MOTION ON STATUTE OF LIMITATIONS GROUNDS AND DENYING CERTIFICATE OF APPEALABILITY** |
|---|---|

### 1. INTRODUCTION

Petitioner Maria Chacon ("Chacon"), a federal prisoner proceeding pro se, moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The United States moves to dismiss on statute of limitations grounds. Chacon opposes dismissal.

### 2. PROCEDURAL AND FACTUAL HISTORY

On November 2, 2001, Chacon plead guilty to two counts of using a communication facility in connection with a drug offense. (Doc. 15, Plea Agreement ("Plea") ¶ 3(b), filed Nov. 2, 2001.) On January 25, 2002, she was sentenced to 96 months incarceration, 48 months for each count. (Doc. 19, Judgment at 2.) An interpreter was present at both her plea agreement and her sentencing. (*See* Doc. 16; Doc. 18.) Plaintiff agreed to waive her right to appeal her conviction and separately waived the right to challenge the sentence. (Doc. 15, Plea ¶ 3(d).)

1  The United States agreed to drop an additional drug charge in
2  return.  (Presentence Investigation Report ("PSR") ¶ 5.)
3       Chacon filed her 2255 motion on June 16, 2004.  (Doc. 20,
4  Mot. Under 28 U.S.C. § 2255 ("2255 Mot.").)  Chacon contends that
5  she received ineffective assistance of counsel and "was ignorant
6  of the laws of the United States."  (*Id.*)  She claims that her
7  counsel failed to explain the consequences of her plea agreement
8  and failed to challenge certain facts that contributed to her
9  sentence.  (*Id.* at Ex. A.)  These facts include her criminal
10 history and the quantity of the drugs involved.  (*Id.*)
11      The United States moves to dismiss, asserting that Chacon
12 did not meet the one-year statute of limitations. (Doc. 22, Mot.
13 to Dismiss Def.'s 2255 Mot. ("Mot. to Dismiss") at 1-2, filed
14 Dec. 7, 2004.)  The government contends that the last day Chacon
15 could file her 2255 petition was January 25, 2003.  (*Id.*)  Chacon
16 responds that the one-year statute of limitations is
17 unconstitutional because it violates the Suspension Clause of the
18 United States Constitution.  (Doc. 23, Pet'r Mem. in Supp. of
19 2255 Mot. ("Response") at 3, filed Jan. 12, 2005).  Petitioner
20 also argues that the statute of limitations did not begin to run
21 in this case until the United States Supreme Court issued its
22 decision in *United States v. Booker*, 543 U.S. 220 (2005), on
23 January 12, 2005.  (Doc. 25, Mot. for Certificate of
24 Appealability  ("COA Mot.") at 1, filed Apr. 10, 2006.**)**
25 //
26 //
27 //
28 //

**2**

//

### 3. **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a petitioner in federal custody must show

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period in which a petitioner could file a habeas corpus or 2255 motion. 110 Stat. 1214. The limitation period begins to run when the latest of the four following events takes place:

> 1) the date on which judgment of conviction becomes final;
>
> 2) the date on which the impediment to make a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 para. 6 (2000).

//

//

//

3

//

## 4.  DISCUSSION

### A. Constitutionality of the Statute of Limitations Provision

Petitioner contends that barring her petition for not meeting the statute of limitations would deny the protection of the Great Writ. (Doc. 23, Response at 3). She also claims that the United States Supreme Court has held a statute which renders access to the Great Writ inadequate or ineffective violates the Suspension Clause. (*Id.* at 4.)

Although the Ninth Circuit has not specifically addressed the constitutionality of the statute of limitations in § 2255, the Second Circuit has found it to be constitutional. *See Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (holding that AEDPA's statute of limitations is not per se violation of Suspension Clause and thus the Clause is not implicated when 2255 motion is time-barred).

In addition, the Ninth Circuit has explicitly upheld the constitutionality of AEDPA's statute of limitations in the context of 28 U.S.C. § 2254. *See Ferguson v. Palmateer*, 321 F.3d 820, 822-23 (9th Cir. 2003) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)) (statute of limitations for § 2244(d)(1) and 2254 is constitutional); *see also Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000) ("The one year limitation does not violate the Suspension clause because it is not jurisdictional and may be subject to equitable tolling."). The United States Supreme Court has consistently analogized the legal principles governing state prisoners' habeas corpus under § 2254 with those governing federal prisoners under § 2255. *See, e.g., Reed v.*

*Farley*, 512 U.S. 339, 353 (1994) (stating § 2255 "intended to mirror 2254 in operative effect"); *Davis v. United States*, 417 U.S. 333, 343 (1974) (section 2255 "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus"). Accordingly, it is appropriate to apply *Ferguson* to § 2255.

For the above reasons, AEDPA's statute of limitations as it applies to § 2255 is constitutional.

### B. <u>Application of the Statute of Limitations</u>

Pursuant to § 2255, the one-year limitation period begins to run by the latest of these four dates: (1) the date of final judgment of conviction; (2) the date of removal of governmental impediment that prevented timely filing of motion; (3) the date that the United States Supreme Court recognizes a new right that is retroactively applicable to collateral review cases; or (4) the date that due diligence discovers facts supporting the claim.  28 U.S.C. § 2255 para. 6 (2000).

Final judgment was entered on January 25, 2002.  (Doc. 19, Judgment.)  Unless one of the other three situations is applicable, the final day on which Chacon could have timely filed her 2255 motion was January 25, 2003.  28 U.S.C. § 2255 para. 6(1) (2000).  Chacon does not assert that the government created an impediment to the timely filing of a petition.  *See id.* at para. 6(2).  With respect to Chacon's assertions of inadequate counsel during her plea agreement, she fails to explain why due diligence would not have uncovered the relevant facts within the initial one-year limitation period.  *See id.* at para. 6(4).

Chacon also asserts that a right has been newly recognized

**5**

by the United States Supreme Court which effectively tolls the statute of limitations, citing *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Supreme Court held that any fact, other than a prior conviction, necessary to support a sentence exceeding the maximum authorized by the facts had to be (1) admitted by a defendant or (2) proved to a jury beyond a reasonable doubt. *Id.* at 244. Chacon contends that the holding of *Booker* has been made retroactive.

Petitioner's argument regarding *Booker* fails for several reasons. First, unlike in *Booker*, Chacon admitted to the quantity of the drugs in her plea agreement.[1] (Doc. 15, Plea ¶ 4.) Second, although Chacon tries to force her case back under the coverage of *Booker* by arguing that her plea was involuntary, any such challenge to the voluntariness of her plea is also subject to the one-year statute of limitations. The decision in *Booker*, handed down subsequent to Chacon's plea, does not re-start the statute of limitations for her voluntariness claim, because post-plea changes in the law do not render a guilty plea invalid. *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (holding that the change of law announced in *Booker*, handed down subsequent to the plea, does not render the plea involuntary and unknowing). *Booker* also does not re-start the statute of limitations for Chacon's ineffective assistance of

---

[1] Chacon admits only to 117.6 grams of cocaine base, not to the marijuana or cocaine hydrochloride in the PSR. (*See* Doc. 15, Plea ¶ 4; PSR ¶ 16.) However, pursuant to the Drug Quantity Table of U.S. Sentencing Guidelines Manual § 2D1.1(c), 117.6 grams of cocaine base yields a base offense level of 32, the same offense level determined in the PSR. The other drugs did not affect the offense level.

counsel claim.  Chacon's counsel could not predict the law that would be announced in *Booker* and thus could not have acted ineffectively by failing to advise Chacon of the potential consequences under *Booker* of pleading guilty.

Though Chacon does not admit to her criminal history, *Booker* specifically excludes the need for prior convictions to be admitted by the defendant or proved to a jury beyond a reasonable doubt.  *Booker*, 543 U.S. at 244; *United States v. Moreno-Hernandez*, 397 F.3d 1248, 1255 n.8 (9th Cir. 2005).  The sentence imposed was not beyond the maximum alleged by these facts.  (*See* PSR ¶¶ 43-44.)

*Booker* does not toll the applicable statute of limitations deadline.  The correct date to use for the start of the limitation period is the date of final judgment, January 25, 2002.  Petitioner's 2255 motion, filed June 16, 2004, is time barred.

### C.  **Equitable Tolling and Petitioner's 2255 Motion**

The United States Supreme Court has held that the doctrine of equitable tolling applies to 2255 motions and habeas corpus petitions.  *See Duncan v. Walker*, 533 U.S. 167, 183 (2001) (Stevens, J., concurring in part and concurring in the judgment, joined by Souter, J.) ("Equitable considerations may make it appropriate for federal courts to fill in a perceived omission on the part of Congress by tolling AEDPA's statute of limitations"). Such equitable tolling has been granted in cases where a prisoner exercising diligence was prevented by "extraordinary circumstances" from a timely filing.  *See Lott v. Mueller*, 304

**7**

F.3d 918, 925 (9th Cir. 2002).

Chacon does not demonstrate timely diligence in pursuing her 2255 motion, nor extraordinary circumstances that prevented her from filing the motion in a timely manner. Equitable tolling is inappropriate here.

### 5.   CONCLUSION

AEDPA's statute of limitations as it applies to § 2255 is constitutional. The one-year limitation period began on January 25, 2002. Since Petitioner filed her motion on June 16, 2004, the statute of limitations bars her 2255 motion. *United States v. Booker* does not apply to Petitioner's case because her sentence was supported by facts to which she admitted in her guilty plea. *Booker* does not retroactively revive Petitioner's ineffective assistance of counsel claim even if its holding applies to collateral appeals. For the reasons stated above, government's motion to dismiss is **GRANTED**. Judgment shall be entered in favor of defendant and against petitioner.

For the foregoing reason, no certificate of appealability shall issue.

**SO ORDERED.**

Dated: August 10, 2006          /s/ OLIVER W. WANGER

---

        **OLIVER W. WANGER**
        **United States District Judge**